IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| William Gonzalez, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:24-cv-00007 |
| | ) | |
| Sandra Wilkins *et al*, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff William Gonzalez, proceeding *pro se*, filed a complaint and request for an injunction against Sandra Wilkins and August County Animal Control (ACAC) alleging that they unlawfully seized two of Gonzalez's dogs in violation of the Fourth Amendment. (Compl. 5, Dkt. No. 1.) Gonzalez is requesting this court order that the ACAC return the dogs to him, or, alternatively, that this court take custody of the dogs. (*Id.*) Additionally, Gonzalez filed a contemporaneous "emergency [immediate] motion to be heard today 2/2/2024 for the [immediate] restoration of [his] property." (Dkt. No. 4.) For the following reasons, Gonzalez's motion for an emergency hearing will be denied.

I.  BACKGROUND

Gonzalez alleges that on January 25, 2024, he called the Animal Health Care Center in Waynesboro, Virginia, seeking treatment for his puppy's high calcium intake. (Compl. 5.) The veterinarian at the Center informed Gonzalez that he was "red-labeled" and could no longer obtain veterinary care or purchase products from the Center. (*Id.*) The Center purportedly contacted the ACAC to report that someone at 710 Augusta Farms Road was attempting to procure services from the Center. (*Id.*) On February 1, 2024, Sandra Wilkins of the ACAC

obtained and executed a search warrant for the residence at 710 Augusta Farms Road in Waynesboro, Virginia, to search the property for any companion animals.  (Search Warrant 1, Dkt. No. 1-3.)  The warrant states that it was issued "in relation to an offense substantially described as follows . . . 3.2-6570 - Animal Cruelty, 3.2-6503 - Care of Companion Animals by Owner, 18.2-456 - Contempt of Court[.]"  (*Id.*)

Gonzalez contends that these offenses do not involve him but rather another man residing at the property, Karl Lentz.  (Compl. 5.)  Gonzalez alleges that Lentz had previously been ordered to not care for companion animals; thus, the mention of contempt of court.  Gonzalez believes that the Animal Health Care Center mistook him for Lentz given their shared address.  (*Id.*)  Gonzalez asserts that Wilkins and ACAC unlawfully entered the property and committed larceny when they purportedly seized two of Gonzalez's dogs, a puppy and the puppy's mother, in violation of the Fourth Amendment.  (*Id.*)  Gonzalez alleges that Wilkins claimed that she was "going to have the puppy euthanized[,]" which Gonzalez claims will cause him "irreparable injury."  (*Id*. at 5– 6.)

Wilkins served Gonzalez on February 1, 2024, with notice of the ACAC's petition to hold a civil seizure hearing on February 13, 2024, at 11:00 a.m., at the Augusta County General District Court to determine whether the seized animals were subject to cruel treatment or neglect, pursuant to Virginia Code § 3.2-6569.  (Pet. 1, Dkt. No. 1-2.)  Virginia Code § 3.2-6569(C) provides that:

> [u]pon seizing or impounding an animal, the humane investigator, law-enforcement officer or animal control officer shall petition the general district court in the city or county where the animal is seized for a hearing.  The hearing shall be not more than 10 business days from the date of the seizure of the animal.

The statute further states that "[t]he procedure for appeal and trial shall be the same as

2

provided by law for misdemeanors, except that unless good cause is determined by the court, an appeal shall be heard within 30 days." Va. Code. § 3.2-6569(E).

In spite of this potential avenue for relief in state court, Gonzalez requests that this court "immediately restore" his property back to him or remove the dogs from ACAC into the court's custody. (Compl. 6.) He also seeks damages and costs against Wilkins and the ACAC. (*Id.*). Gonzalez is requesting an emergency hearing for the immediate restoration of his property. (Mot. for Emer. Hr'g. 1, Dkt. No. 4.)

## II.  DISCUSSION

Because no notice of this lawsuit has yet been provided to defendants, it appears Gonzalez is asking this court to hold a hearing on a request for a Temporary Restraining Order (TRO). Fed. R. of Civ. Proc. 65.[1] Unlike most TRO requests, Gonzalez does not seek to maintain the status quo between the parties; rather, he seeks disruption of the status quo – return of the dogs. This is generally called a mandatory injunction, which requires "the nonmoving party to *take action* to relieve a burden on the movant's rights." *JTH Tax, Inc. v. Aime*, Civil Action No. 2:16-cv-279, 2016 U.S. Dist. LEXIS 102969, at *17 (E.D. Va. July 29, 2016) (emphasis added). "Mandatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances." *Taylor v. Freeman*, 34 F.3d 266, 270 n.2 (4th Cir. 1994) (citing *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980)).

The court recognizes Gonzalez's concerns regarding the possible euthanization of his dogs, especially in a case of possible mistaken identity, but notes that Virginia Code § 3.2-6569 provides that the "humane investigator, law-enforcement officer, or animal control officer shall

---

[1] Pursuant to Rule 65, if Gonzalez seeks entry of a temporary restraining order without notice, he must specify facts in an affidavit or verified complaint that clearly show immediate and irreparable harm will occur before notice can be given to defendants and set forth attempts to provide notice and reasons for not giving notice. Fed. R. of Civ. Proc. 65. Gonzalez has not complied with Rule 65.

3

provide for such animal until the court has concluded the hearing . . . . If the court determines that the animal has been neither abandoned, cruelly treated, nor deprived of adequate care, the animal shall be returned to the owner." Thus, Gonzalez already has a means of having his property restored through state court proceedings, and the law states that the dogs will be cared for until the hearing.

The fact that there is a pending state court action and scheduled hearing regarding the dogs set for February 13 causes the court to consider whether it must abstain from holding a hearing under the abstention doctrine established in *Younger v. Harris*, 401 U.S. 97 (1971). This doctrine dictates that "federal courts should abstain from exercising jurisdiction to consider matters related to ongoing state criminal proceedings." *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 93 (4th Cir. 2022). *Younger* abstention may also apply to "quasi-criminal proceedings if the state proceeding is ongoing, implicates important state interests and provides an adequate opportunity to raise constitutional challenges." *Id.* (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 81-82 (2013)). In *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975), for example, the Supreme Court held that abstention was appropriate in civil proceedings where "[t]he State is a party" and "the proceeding is both in aid of and closely related to criminal statutes."

In a highly analogous case to the one now before the court, this court recently found that proceedings pursuant to Virginia Code § 3.2-6569(C) *are* "quasi-criminal proceedings" under the *Younger* abstention doctrine. *Mogensen v. Welch*, No. 6:23-cv-00077, 2023 WL 8756708 (W.D. Va. Dec. 19, 2023). Senior District Judge Moon noted that the § 3.2-6569(C) proceedings "can have severe criminal implications" because the goal of the proceeding is to "determine whether [any seized animal] has been abandoned, has been cruelly treated, or has not been provided adequate care—i.e., whether Plaintiffs engaged in some form of animal neglect or cruelty,

4

warranting the seizure of their animals." *Id.*; Va. Code § 3.2-6569(C). The court found that the statute is "both in aid of and closely related to criminal statutes." *Mogensen*, 2023 WL 8756708 at *3. Therefore, the court held that *Younger* abstention is applicable to proceedings under Virginia Code § 3.2-6569(C).

There are two primary exceptions to the application of *Younger* abstention, but neither applies here. A court may decide not to abstain and intervene in a state proceeding if (1) it "properly finds that [the] state proceeding is motivated by a desire to harass or is conducted in bad faith" or (2) where the challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Huffman*, 420 U.S. at 611. There is no indication of bad faith here, nor does the challenged statute violate any constitutional prohibition. Further, Gonzalez has not alleged that he will be unable to raise any constitutional challenges during the proceedings.

For the above reasons, the court will abstain from interfering with the underlying state court proceeding and will deny Gonzalez's motion for an emergency hearing.

### III. CONCLUSION AND ORDER

Because the court must abstain from interfering with the state court proceedings, the court HEREBY ORDERS that Gonzalez's motion for an emergency hearing (Dkt. No. 4) is DENIED. The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Gonzalez.

Entered: February 6, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge